# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IGLI NAKO<br>319 Tulpehocken Avenue<br>Elkins Park, PA 19027<br><br>    Plaintiff,<br><br>  v.<br><br>LOCKHEED MARTIN CORPORATION<br>d/b/a LOCKHEED MARTIN<br>6801 Rockledge Drive<br>Bethesda, MD 20817<br><br>    Defendant. | :<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  CASE NO.:<br>:<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Igli Nako (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Lockheed Martin Corporation d/b/a Lockheed Martin (hereinafter referred to as "Defendant," unless indicated otherwise) of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts herein that he was unlawfully terminated from his employment with Defendant in violation of these laws and seeks damages as set forth more fully herein.

---

[1] Reference to the PHRA is made herein in this Introduction Section *for notice purposes only*. Plaintiff's administrative remedies are not fully exhausted for proceeding under such claims yet. Thus, such claims are excluded in the count-section of this Complaint. Plaintiff will move to amend the instant lawsuit to include claims under the PHRA following administrative exhaustion with the PHRC.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Lockheed Martin Corporation d/b/a Lockheed Martin is an American aerospace, arms, defense, information security, and technology corporation, with headquarters located at the address in the above caption. Plaintiff was hired through and worked out of Defendant's King of Prussia, Pennsylvania location.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

11. Plaintiff was employed by Defendant for approximately 3 years, from in or about July 1, 2019, until his unlawful termination (discussed further *infra*) on or about June 23, 2022.

12. Plaintiff was deemed physically based from Defendant's location at 230 Mall Boulevard, King of Prussia, Pennsylvania 19406.

13. Plaintiff was employed full-time, and he held the position of Sr. Full-Stack Engineer. In this capacity, Plaintiff was generally a software developer writing code for Defendant.

14. Plaintiff was primarily directly supervised by System Engineering Manager, Michael Sirotkin (hereinafter Sirotkin) and indirectly by Director, Jeff Daniels (hereinafter "Daniels").

15. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to an Anxiety Disorder, Depression, ADHD, and other health-related complications.

16. At all relevant times herein, Defendant's management was aware of Plaintiff's aforesaid health conditions, which he had begun to discuss with management during his last 5 to 6 months of employment with Defendant.

17. Despite Plaintiff's aforesaid health conditions, he was able to perform the essential functions of his position well; however, he (at times) required some reasonable medical accommodations (discussed further *infra*).

18. For example, Plaintiff was suffering from significant flareups of his aforesaid health problems in his last approximate 6 months of employment with Defendant, requiring ongoing treatment, diagnostic testing, and diagnoses.

19. As a result, Plaintiff informed both Sirotkin and Daniels that he was having mental health issues (in detail), would need periodic breaks to regain his focus if needed, and that he may need to take intermittent time off from work to deal with his aforesaid health problems (among other reasonable accommodations under the ADA).

20. To Plaintiff's knowledge, he had been a model employee in 2019, 2020, and 2021, performing his job and role(s) in an exemplary manner. Therefore, Plaintiff figured after years of very hard work and dedication, Defendant's management would accommodate him and have no issues with him obtaining treatment for his mental health treatment.

21. Instead, Plaintiff was met with significant intolerance and hostility (as Defendant often ran short-staffed and put workload above health), despite that at any given time (during most

of Plaintiff's employment with Defendant), there were approximately 20 people on his team under the aforesaid management.

22. In discussions with management during Plaintiff's last approximate 6 months of employment, he shared that he was having anxiety and suffering from depression. However, Plaintiff's management responded only that Plaintiff should have goals of focusing or paying attention better but did not suggest Plaintiff take medical leave, offer such leave, or otherwise offer to work with Plaintiff concerning his aforesaid health problems.

23. Upon performing his own research and investigation, Plaintiff became more knowledgeable about his medical leave rights (per law and policy). As a result, Plaintiff requested/utilized what he believed constituted FMLA leave from on or about March 9, 2022, through on or about April 6, 2022 (an approximate 4-week leave of absence).

24. Nonetheless, in or about early May of 2022, within 3-4 weeks of his return from FMLA leave, Plaintiff was given an ultimatum of immediately resigning or accepting a 60-day Performance Improvement Plan ("PIP").

25. In an effort to save his job, Plaintiff agreed to accept the aforesaid PIP, as he had no other choice unless he was going to quit or be terminated.

26. Notably, prior to Plaintiff's March – April (2022) FMLA leave, he had discussed his aforesaid health conditions (in detail) with Sirotkin and Daniels, explaining he was having numerous different priorities and tasks assigned to him. Plaintiff therefore asked for some consistency so he could manage his disabilities.

27. However, instead of working with Plaintiff temporarily on some project/task consistency, Sirotkin and Daniels chose to admonish Plaintiff, in essence demanding that he immediately overcome any health conditions/complications he was dealing with at the time.

28. Additionally, in or about early 2022, Plaintiff was warned about missing 1-2 meetings or documentation, which was complete nitpicking, and singling Plaintiff out, even though he had shared that it was due to his ongoing medical issues that he was unable to attend a couple of meetings.

29. Based on the foregoing, Plaintiff avers that the PIP issued to him was not a legitimate intent to help him, as it was nothing short of retaliatory and documentation created to justify his termination, no matter how he performed.

30. For example, immediately upon returning from FMLA leave, Plaintiff was barraged with many tasks and continually told that his productivity better be high (as if his FMLA leave had reduced his productivity already).

31. Additionally, upon returning from FMLA leave, Sirotkin, in addition to demanding high productivity from Plaintiff, also questioned him about whether he could perform the job (which was clearly health-related).

32. Because Plaintiff's management failed to accommodate Plaintiff or even engage in any interactive process with him (as required under the ADA), by adjusting his job duties, coordinating with him for potentially more time off from work, or giving him more flexibility in his daily completion of work (as he was an exempt employee anyway), Plaintiff even inquired of Human Resources ("HR") if there was a transfer or alternative position he could be considered for within Defendant.

33. Despite reaching out to HR (*see* Paragraph 32, *supra*), however, Defendant's management failed to meaningfully consider or address Plaintiff requests or concerns. Instead, Plaintiff was abruptly terminated on or about June 23, 2022.

34. Plaintiff was undoubtedly suffering from some paranoia, concentration problems, and other mental health concerns, but the work he performed was very good. Had Defendant worked to accommodate Plaintiff on project assignments, intermittent time off for treatment, or breaks during the day, so he could resume focus on his work – Plaintiff would have continued to perform very well while obtaining treatment and getting his mental health back under control.

35. Alternatively, if not disciplined, given a PIP and threatened with a job removal, Plaintiff would have also considered a lengthy medical leave to return 100%. Instead, Plaintiff was subjected to intolerance, hostility, and contempt towards Plaintiff, as if he was just going to be an ongoing problem.

36. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of (1) his actual/perceived/record of health conditions; (2) his requested accommodations (which constitutes illegal retaliation); and (3) Defendant's failure to properly accommodate Plaintiff (set forth *supra*).

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Hostile Work Environment; and [4] Failure to Accommodate)**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

39. Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

40. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

41. Plaintiff requested reasonable accommodations from Defendant, including but not limited to periodic breaks to regain his focus if needed, and that he may need to take intermittent time off from work to deal with his aforesaid health problems (among other reasonable accommodations).

42. Plaintiff was subjected to hostility and animosity due to his health conditions and/or requests for accommodations through demeaning, discriminatory, and disparate treatment toward him, including but not limited to, placement on a PIP (as discussed *supra*).

43. Plaintiff was terminated from his employment with Defendant in close proximity to requesting/utilizing reasonable medical accommodations.

44. Defendant failed to accommodate Plaintiff by issuing him pretextual discipline for taking medical leave and failing to engage in any interactive process with regard to his requested accommodations and medical conditions.

45. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of (1) his actual/perceived/record of health conditions; (2) his requested accommodations (which constitutes illegal retaliation); and (3) Defendant's failure to properly accommodate him (set forth *supra*).

46. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation & Interference)

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

51. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

52. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

53. Plaintiff was terminated in close proximity to his request for/utilization of FMLA leave to care for and treat for his serious health conditions.

54. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying

leave in the future; and (4) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA (set forth *supra*).

55. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 11, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Igli Nako | : | CIVIL ACTION |
| v. | : | |
| Lockheed Martin Corporation d/b/a Lockheed Martin | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 1/11/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 319 Tulpehocken Avenue, Elkins Park, PA 19027

Address of Defendant: 6801 Rockledge Drive, Bethesda, MD 20817

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/11/2023    _____ (signature)    ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/11/2023    _____ (signature)    ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NAKO, IGLI

**DEFENDANTS**
LOCKHEED MARTIN CORPORATION
D/B/A LOCKHEED MARTIN

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/11/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE